UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CRYSTAL C. IPPOLITO,

    Plaintiff,

v.

HILEX CONSTRUCTION INC and
UNITED WATER RESTORATION
GROUP OF SOUTH FLORIDA, INC.,

    Defendants.
_____/

# COMPLAINT

    Plaintiff, CRYSTAL C. IPPOLITO, by and through the undersigned counsel, Todd W. Shulby, P.A., sues the Defendants, HILEX CONSTRUCTION INC and UNITED WATER RESTORATION GROUP OF SOUTH FLORIDA, INC., and alleges as follows:

    1.    Plaintiff brings this action against Defendants to recover from the Defendants pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), as amended by the Civil Rights Act of 1991 ("Title VII"), codified at 42 U.S.C. §2000e, *et seq.*

    2.    Jurisdiction is conferred on this Court by Title VII and the PDA and 28 U.S.C. §§1331 and 1343.

    3.    The unlawful acts alleged below occurred and/or were committed within this judicial district.

    4.    At all times material hereto, Plaintiff has been a citizen and resident of this judicial

1

district and within the jurisdiction of this Court.

5. At all times material hereto, Hilex Construction Inc was Plaintiff's employer.

6. At all times material hereto, Hilex Construction Inc was an "employer" as defined by Title VII and the PDA.

7. At all times material hereto, Hilex Construction Inc was Plaintiff's employer as defined by Title VII and the PDA.

8. At all times material hereto, United Water Restoration Group of South Florida, Inc. was Plaintiff's employer.

9. At all times material hereto, United Water Restoration Group of South Florida, Inc. was an "employer" as defined by Title VII and the PDA.

10. At all times material hereto, United Water Restoration Group of South Florida, Inc. was Plaintiff's employer as defined by Title VII and the PDA.

11. At all times material hereto, Hilex Constriction Inc was a corporation conducting business in this judicial district.

12. At all times material hereto, United Water Restoration Group of South Florida, Inc. was a corporation conducting business in this judicial district.

13. Plaintiff has performed all conditions precedent to the commencement of this action.

14. Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") (Exhibit 1).

15. The EEOC issued a Notice of Right to Sue on April 27, 2020 (Exhibit 2).

16. Plaintiff has timely filed this action following receipt of the EEOC's Notice of Right to Sue.

## COUNT I: GENDER/ PREGNANCY DISCRIMINATION
## VIOLATION OF THE TITLE VII AND THE PDA

Plaintiff incorporates by reference paragraphs 1 through 16 and states as follows:

17. Plaintiff is a female and was an employee of Defendants.

18. Plaintiff originally applied for a job with United Water Restoration Group of South Florida, Inc.

19. The application for employment that Plaintiff was provided was from United Water Restoration Group of South Florida, Inc.

20. Plaintiff was hired by Defendants on or about April 22, 2019.

21. Plaintiff was hired by Defendants as an Office Administrator.

22. The employee handbook that Plaintiff was provided was from United Water Restoration Group of South Florida, Inc.

23. The initial employee paperwork that Plaintiff was provided was from United Water Restoration Group of South Florida, Inc.

24. Plaintiff mostly worked for Hilex Construction Inc.

25. Plaintiff also performed work for United Water Restoration Group of South Florida, Inc. on almost a weekly basis (some weeks more and some weeks less)

26. Plaintiff received paychecks from United Water Restoration Group of South Florida, Inc.

27. Plaintiff received paychecks from Hilex Construction, Inc.

28. Hilex Construction Inc and United Water Restoration Group of South Florida, Inc. were joint employers of Plaintiff.

29. Hilex Construction Inc and United Water Restoration Group of South Florida, Inc. shared many employees.

30. Many employees worked for both Hilex Construction Inc and United Water Restoration Group of South Florida, Inc.

31. Hilex Construction Inc and United Water Restoration Group of South Florida, Inc. shared offices.

32. The office of Hilex Construction Inc was located at 2697 North Powerline Road, Pompano Beach, Florida 33069.

33. The office of United Water Restoration Group of South Florida, Inc. was located at 2697 North Powerline Road, Pompano Beach, Florida 33069.

34. Hilex Construction Inc and United Water Restoration Group of South Florida, Inc. shared management.

35. Hilex Construction Inc and United Water Restoration Group of South Florida, Inc. shared ownership.

36. Endre Banfi is an owner of both Hilex Construction Inc and United Water Restoration Group of South Florida, Inc.

37. Endre Banfi is an officer of both Hilex Construction Inc and United Water Restoration Group of South Florida, Inc.

38. Zoltan Kurucz (male) is an owner of both Hilex Construction Inc and United Water Restoration Group of South Florida, Inc.

39. Zoltan Kurucz is an officer of both Hilex Construction Inc and United Water Restoration Group of South Florida, Inc.

40. Plaintiff was provided dental insurance through United Water Restoration Group of South Florida, Inc.

41. Plaintiff was provided vision insurance through United Water Restoration Group of South Florida, Inc.

42. Plaintiff was AFLAC insurance through United Water Restoration Group of South Florida, Inc.

43. Hilex Construction Inc and United Water Restoration Group of South Florida, Inc. both provided worker's compensation insurance through the same insurer.

44. Plaintiff's direct supervisor was Alexis Garcia (male).

45. Alexis Garcia's direct supervisor was Zoltan Kurucz, the owner of both Hilex Construction Inc and United Water Restoration Group of South Florida, Inc.

46. On January 31, 2020 Vincent Thomas (male) Vice Operation Manager for United Water Restoration offered Plaintiff a promotion to work as the Accountant's Assistant.

47. Mr. Thomas informed Plaintiff that the owner, Zoltan Kurucz (male), stated that she was ready to move up and that she had time to think about the offer.

48. On February 4, 2020, Plaintiff notified her supervisor, Mr. Garcia, of her pregnancy.

49. The following week Plaintiff was terminated.

50. Plaintiff was informed of her termination by Mr. Garcia.

51. Plaintiff was informed of her termination on February 14, 2020.

52. Plaintiff was told that the reason for her termination was poor performance.

53. Plaintiff was discriminated against based on my sex (female-pregnancy) in violation of Title VII and the PDA.

54. Plaintiff was qualified for the Office Administrator position that she held.

55. Plaintiff was qualified for the promotion to the Accountant's Assistant position that she was offered.

56. Plaintiff performed work that met or exceeded all reasonable expectations.

57. Plaintiff performed work that met or exceeded Defendants' expectations.

58. Plaintiff's work performance exceeded that of non-pregnant and male employees.

59. Plaintiff was treated differently than non-pregnant and male co-workers because of her sex (female-pregnant).

60. A male employee would not have been terminated under the same circumstances as Plaintiff.

61. An employee who was not pregnant would not have been terminated under the same circumstances as Plaintiff.

62. In Plaintiff had been male and/or was not pregnant, she would not have been fired.

63. In Plaintiff had been male and/or was not pregnant, she would not have been fired for allegedly poor performance.

64. Defendants' reason for termination (i.e. poor performance), is a pretext for discrimination against Plaintiff because of her sex (female-pregnant).

65. As a direct and proximate result of Defendants' unlawful and discriminatory treatment of Plaintiff, Plaintiff suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to: damage to reputation and self-esteem; loss of past and future income; loss of past and future earning capacity; loss of other fringe benefits; stress, anxiety and emotional distress; significant past and future mental pain and suffering; and other

66. Plaintiff has retained the undersigned counsel for purposes of this action and is entitled to an award of reasonable attorney's fees and costs related to this litigation.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

a. Declaring that the acts and practices complained of herein are in violation of Title VII and PDA;

b. Awarding back pay, front pay, prejudgment interest, post judgment interest and damages for all employment benefits Plaintiff would have received but for the retaliatory acts and practices of Defendants;

c. Awarding Plaintiff compensatory, consequential and punitive damages;

d. Awarding reasonable attorney's fees, expenses and costs incurred in this action;

e. Awarding Plaintiff all other sums of money, including all employment benefits with interest thereon, to which Plaintiff is entitled; and

f. Ordering any other relief, including equitable, this Court deems to be just and proper.

## TRIAL BY JURY

Plaintiff demands a trial by jury of all issues so triable.

## VERIFICATION OF PLAINTIFF

I, CRYSTAL C. IPPOLITO, hereby declare that the foregoing allegations are true and correct to the best of my knowledge and belief.

_____
CRYSTAL C. IPPOLITO, as Plaintiff

4-30-2020
_____
DATE

Respectfully submitted,

TODD W. SHULBY, P.A.
1792 Bell Tower Lane
Weston, Florida 33336
Telephone No.: (954) 530-2236
Facsimile No.: (954) 530-6628
E-mail: tshulby@shulbylaw.com
Counsel for Plaintiff

By:   /s/*Todd W. Shulby, Esq.*
         Todd W. Shulby, Esq.
         Florida Bar No.: 068365